**NOT FOR PUBLICATION**

DEC 2 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEICHEN FU,<br><br>              Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-74115<br><br>Agency No. A088-115-852<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

     Beichen Fu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on discrepancies between his testimony and supporting documentation regarding his marital status. *See id.* at 1048 (adverse credibility finding was reasonable under the totality of the circumstances). The BIA reasonably rejected Fu's explanations. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not compelled to accept even plausible explanations). We reject Fu's contention that the IJ failed to provide him an adequate opportunity to explain the inconsistencies. We also reject Fu's contentions that the IJ engaged in speculation or misconstrued his testimony. Substantial evidence also supports the BIA's determination that Fu's documentary evidence did not overcome the agency's adverse credibility determination. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, Fu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Fu's CAT claim fails because it is based on the same testimony the BIA found not credible, and Fu does not point to any other evidence in the record

that compels the conclusion that it is more likely than not he would be tortured in China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**